IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

BRIAN M. DRAKE                                                                                   PLAINTIFF

V.                                                                      CAUSE NO. 4:24-CV-00041-DAS

MS DEPT OF CORRECTION, et al.                                                          DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on the *pro se* prisoner complaint of Brian M. Drake, who challenges the conditions of his confinement under 42 U.S.C.§ 1983. Upon due consideration of Drake's allegations and the applicable authority, the Court finds that Drake's claims should be dismissed for failure to state a claim upon which relief can be granted.

**Screening Standards**

Because Drake has been permitted to proceed *in forma pauperis* in this action,[1] his claims are subject to *sua sponte* dismissal under the Prison Litigation Reform Act ("PLRA"). *See* 28 U.S.C. § 1915(e)(2).[2] Pursuant to the PLRA, the Court is obligated to evaluate the complaint and dismiss if it is "frivolous or malicious," if it "fails to state a claim upon which relief may be granted," or if it "seeks monetary relief against a defendant who is immune from such relief." *Id.* A claim is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if relief could not be granted to the plaintiff "under any set of facts that would be proven consistent with the allegations" in the complaint. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (citation omitted); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (complaint fails to state a

---

[1] *See* Doc. #9.
[2] *See also* 28 U.S.C. § 1915A (subjecting prisoner complaint to preliminary screening regardless of *in forma pauperis* status).

claim only where it does not plead "enough facts to state a claim to relief that is plausible on its face").

## Plaintiff's Allegations and Procedural Posture

Drake, an inmate in the custody of the Mississippi Department of Corrections ("MDOC") was formerly housed at the Mississippi State Penitentiary ("MSP") located in Parchman, Mississippi. In the instant action, Drake complains that he "experienced an electrocution shock of 240 volts when told by a supervisor to plug up the food warmer." According to Drake, the incident rendered his "right hand numb[] accompanied by tiny needle like sensations, and a perm[a]n[e]nt fear of electricity." Drake further asserts that the incident occurred on, Friday, April 19, 2023, but that he did not receive medical attention until the following Monday, April 22, 2023.

Drake names MDOC, Mrs. Collier (an MDOC Kitchen Supervisor), Mrs. Mary Williams (an MDOC Food Service Manager), and the MDOC Maintenance Department as Defendants in this action. By way of relief, Drake seeks compensatory damages for his alleged pain and suffering and further requests injunctive relief, namely that "MDOC implement a regular safety check system to secure the inmates from faulty equip[]ment." On May 14, 2024, the Court entered an Order directing Drake to show cause why his claims should not be dismissed for failure to state a claim upon which relief can be granted. *See* Doc. # 10. Drake timely filed his response to the show cause order on May 21, 2024. *See* Doc. # 12.

## MDOC Not a "Person" Under 42 U.S.C. § 1983

As an initial matter, the complaint fails to state a claim against MDOC (and its departments) under Section 1983 because MDOC is not a "person" within the meaning of that statute. Section 1983 provides, in relevant part, that:

> Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Thus, to maintain an action under Section 1983, a plaintiff must allege that a *person* acting under color of state law deprived him of a right secured by the Constitution or other law of the United States.

The State of Mississippi is not amenable to suit under this statute because "a State is not a person within the meaning of § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). This holding likewise applies to "any governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." *Id.* at 70. MDOC is considered an arm of the State of Mississippi. *See* Miss. Code Ann. § 47-5-1; *Scott v. Miss. Dep't of Corrs.,* 2006 WL 1666258 (S.D. Miss. June 12, 2006). Consequently, Drake's claims against MDOC and the MDOC Maintenance Department will be dismissed for failure to state a claim upon which relief could be granted, as MDOC is not a proper defendant under 42 U.S.C. § 1983.

## Supervisor Liability

Moreover, Drake's allegations against Mrs. Collier and Mrs. Mary Williams, both identified by Drake as kitchen supervisors at MSP, fail to state a claim upon which relief can be granted. A plaintiff proceeding under 42 U.S.C. § 1983 cannot establish that a government official violated the plaintiff's constitutional rights simply by virtue of the official's role as a supervisor. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). Instead, to state a viable claim under Section 1983, the plaintiff must "identify defendants who are either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation

alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (citing *Lozana v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983)). There are only two scenarios in which a supervisor may be held liable under § 1983: (1) when he affirmatively participates in the incident, or (2) when he implements an unconstitutional policy that results in the constitutional injury. *Wernecke v.* Garcia, 591 F.3d 386, 401 (5th Cir. 2009). Consequently, a supervisory official "can be held liable only for his own misconduct." *Carnaby v. City of Houston*, 636 F.3d 183, 189 (5th Cir. 2011).

Drake's complaint contains no allegations of personal involvement by Defendants Collier or Williams. Instead, Drake merely asserts that he advised Collier of the incident after it occurred. Drake's complaint contains no allegations whatsoever as to Williams. In Drake's response to the show cause order, he repeats his assertion that he advised Defendant Collier (and others not named as defendants in this action) of the incident, but his response wholly fails to address Defendant Williams. In sum, *based on the allegations before the Court at present*, Defendants Collier and Williams have been named defendants in this action merely due to their positions of authority within the kitchen department at MSP (and MDOC); thus, they should be dismissed from this action. *See Oliver v. Scott*, 276 F.3d 736, 742 n.6 (5th Cir. 202) (Section 1983 does not allow a supervisory official to be held liable for the actions of their subordinates); *see also Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action.").

### Denial of Medical Care

Even assuming, *arguendo*, that Drake's allegations did indicate the requisite personal involvement by named Defendants in this action, he has failed to state cognizable claim for delay of medical care. To prevail on an Eighth Amendment claim for denial and/or delay of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical

4

needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless the plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may a court infer knowledge of substantial risk of serious harm by its obviousness. *Id.* Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986).

In this case, Drake admits that he received medical attention the Monday following the incident which occurred on Friday. Drake, therefore, has not been denied medical treatment altogether, but, instead, experienced a delay in medical attention. Drake's allegations lack any indication that the delay was the result of a deliberate indifference to his medical needs. Moreover, Drake's allegations fail to set forth a substantial harm resulting from the delay in care provided nor do they indicate that the delay exacerbated or worsened the alleged injury. Further, in his response, Drake confirms that he continues to receive follow-up medical care and medication which hardly indicates deliberate indifference on the part of MSP employees. As such, Drake's

allegations regarding the delay of adequate medical care fail to state a claim upon which relief can be granted.

### **Failure to Protect**

It is unclear whether Drake asserts a claim for failure to protect him from harm, but to the extent that he does, any such claim would fail. To establish a claim for failure to protect, the plaintiff "must show that he is incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his needs for protection." *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995)(citations omitted). Deliberate indifference in this context means that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference[,]" *Farmer*, 511 U.S. at 837, and "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). "Mere negligent failure to protect is not actionable under § 1983, nor is deliberate indifference established by an official's failure to alleviate a significant risk that the official should have perceived but did not." *Brown v. Bufkin*, 2019 WL 322002, at *4 (S.D. Miss. July 17, 2019) (citations omitted).

Drake alleges that unidentified kitchen workers told him to plug in a food warmer and, when he plugged that appliance in, he was electrocuted. These allegations, even if true, fail to evince a deliberate indifference to his needs for protection. To be sure, Drake does not allege that any named defendant "was aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" nor that any named defendant did actually "draw [that] inference." *See Farmer*, 511 U.S. 837. At most, Drake's allegations indicate negligence on the part of the employees in not realizing a risk of danger; and claims for failure to protect cannot be

predicated on mere negligence. *See Brown*, 2019 WL 322002, at *4. In sum, Drake's allegations fail to state a cognizable claim for failure to protect.

## Conclusion

Based on the foregoing discussion, the Court finds that Drake has failed to state a cognizable constitutional claim. Accordingly, the Court finds that this action should be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal counts as a "strike" under 28 U.S.C. § 1915(g). Drake is cautioned that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while incarcerated unless he is in imminent danger of some physical injury. 28 U.S.C. § 1915(g). A final judgment in accordance with this opinion will be entered today.

**SO ORDERED**, this the 5th day of June, 2024.

/s/ David A. Sanders
**DAVID A. SANDERS**
**UNITED STATES MAGISTRATE JUDGE**